# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| CORY HARRIS, Individually and on Behalf of Others Similarly Situated,<br><br>v.<br><br>FARMCHEM CORPORATION | Case No. 6:17-cv-38<br><br>Class & Collective Action |

## COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Cory Harris bring this collective action complaint against FarmChem Corporation to recover the unpaid overtime wages owed to FarmChem's Technicians under state and federal law.

### JURISDICTION & VENUE

2. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. The Court has supplemental jurisdiction over the various state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this District and Division under 28 U.S.C. § 1391(a). Harris lives and has worked in this District and Division.

### PARTIES

5. Harris is a Technician employed at FarmChem since January 2015.

6. He has been employed in numerous states, including New Mexico and Texas.

7. He regularly worked 45 to 50 (or more) hours per week, without receiving the overtime pay required by state and/or federal law.

8. His written consent is attached.

9. Harris brings this action on behalf of himself and all other similarly situated Technicians under §16(b) of the FLSA 29 U.S.C. §216(b) (the "FLSA Class").

10. Harris and the FLSA Class were subjected to similar violations of the FLSA.

11. The class of similarly situated employees under 29 U.S.C. §216(b) is properly defined as:

**All Technicians employed by FarmChem during the past 3 years.**

The members of the FLSA Class are ascertainable from FarmChem's business records, in particular its personnel records.

12. FarmChem employed at least 20 Technicians in the United States during the past 3 years.

13. FarmChem has not designated a registered agent for service of process in Texas.

14. FarmChem may be served through the Texas Secretary of State.

15. In the alternative, FarmChem may be served through its registered agent or in accordance with Texas state law.

## FACTUAL ALLEGATIONS

16. FarmChem is a farming equipment and services company.

17. FarmChem operates in multiple states, including Iowa, New Mexico, and Texas.

18. Harris and all those similarly situated to him worked for FarmChem as Technicians.

19. Technicians install and set up the equipment FarmChem sells.

20. Harris did not work on farms.

21. Harris is not employed by a farmer.

22. The other Technicians do not work on farms.

23. The other Technicians are not employed by farmers.

24. Technicians generally perform their work at co-ops (which are not directly engaged in farming), chemical dealer locations, or other non-farm facilities.

25. Technicians work long hours.

26. FarmChem schedules Technicians (including Harris) for a least 9 hours a day.

27. Technicians are expected to eat lunch while driving to a job during the workday.

28. Harris and the other Technicians regularly work more than 45 hours a week.

29. But FarmChem did not pay Plaintiffs or the other Technicians the required overtime for hours worked in excess of 40 in a workweek.

30. Instead, FarmChem paid Harris and the other Technicians for a maximum of 40 hours a week.

31. Regardless of how many hours Technicians actually work, they are not paid overtime compensation.

32. As a result of FarmChem's policies, Harris and the FLSA Class were denied the overtime pay required by state and/or federal law.

33. Since at least 2012, FarmChem has been well aware of the requirements of the FLSA.

34. FarmChem knew, or showed reckless disregard for whether, Harris and the FLSA Class were entitled to overtime pay under state and/or federal law.

### COLLECTIVE ALLEGATIONS

35. Harris brings claims under the FLSA as a collective action on behalf of those who opt-in to this case pursuant to 29 U.S.C. § 216(b).

36. The claims under the state law are pursued on behalf of all similarly situated persons who worked in New Mexico who choose to opt-in to this case.

37. FarmChem employed at least 20 Technicians in the United States during the past 3 years.

38. These workers are geographically disbursed, residing and working in states across the Mid-West.

39. Because these workers do not have fixed work locations, Technicians may work in many different states across the country in the course of a given year.

40. For example, Harris worked in Kansas, Louisiana, New Mexico, Oklahoma and Texas.

41. Harris has no interest contrary to, or in conflict with, the FLSA Class.

42. Like each member of the proposed classes, Harris has an interest in obtaining the unpaid overtime wages owed under state and/or federal law.

43. A collective action suit is superior to other available means for fair and efficient adjudication of the lawsuit.

44. Absent these actions, many members of the FLSA Class will not obtain redress of their injuries and FarmChem will retain the proceeds of its violations of the FLSA and the applicable state labor laws.

45. Furthermore, even if particular members of the FLSA Class could afford individual litigation against FarmChem, it would be unduly burdensome to the judicial system.

46. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

47. Harris and the FLSA Class have sustained damages arising out of FarmChem's wrongful and uniform employment policy.

## CAUSES OF ACTION

### First Cause of Action: Violation of the FLSA

48. At all relevant times, FarmChem has been an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

49. FarmChem employed Plaintiffs and each member of the FLSA Class.

50. During the limitations period, FarmChem had a policy and practice of refusing to pay Technicians overtime for hours worked in excess of 40 per week.

51. FarmChem's failure to pay Plaintiffs and the FLSA Class overtime at rates not less than one and one-half times their regular rates is a violation of 29 U.S.C. § 207.

52. The foregoing conduct constitutes a willful violation of the FLSA. Due to FarmChem's FLSA violations, Plaintiffs and the members of the FLSA Class are entitled to recover from FarmChem their unpaid overtime compensation, an equal as liquidated damages, reasonable attorneys' fees, costs, and expenses of this action.

**Second Cause of Action: Violation of the NMMWA**

53. The conduct alleged in this Complaint violates the New Mexico Minimum Wage Act (NMMWA), NMSA § 50-4-19 *et seq.*

54. FarmChem was and is an "employer" within the meaning of the NMMWA.

55. At all relevant times, FarmChem employed Harris, and other Technicians, as an "employee" within the meaning of the NMMWA.

56. The NMMWA requires an employer like FarmChem to pay overtime to all non-exempt employees.

57. Harris and the other Technicians employed in New Mexico are non-exempt employees who are entitled to be paid overtime for all overtime hours worked.

58. Within the applicable limitations period, FarmChem had a policy and practice of failing to pay overtime pay to Harris and the other Technicians employed in New Mexico for their hours worked in excess of 40 hours per week.

59. As a result of FarmChem's failure to pay overtime to Harris and the other Technicians employed in New Mexico at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, FarmChem violated the NMMWA.

60. Harris and the other Technicians employed in New Mexico seek the amount of their underpayments based on FarmChem's failure to pay one and one half time their regular rates of pay for work performed in excess of 40 hours in a week, an twice their unpaid overtime as liquidated damages,

and such other legal and equitable relief from FarmChem's willful conduct as the Court deems just and proper.

61. Harris and the other Technicians employed in New Mexico seek recovery of attorneys' fees and costs of this action to be paid by FarmChem, as provided by the NMMWA.

**PRAYER**

WHEREFORE, Harris prays for:

a. An order designating the FLSA Class as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to all Technicians to permit them to join this action by filing a written notice of consent;

b. A judgment against FarmChem awarding Harris and the FLSA Class all their unpaid overtime compensation and an additional, equal amount, as liquidated damages under the FLSA;

c. A judgment against FarmChem awarding the Harris and all Technicians employed in New Mexico all their unpaid overtime compensation, liquidated damages, penalties, and/or interest under the applicable state law;

d. An order awarding attorneys' fees, costs, and expenses;

e. Pre- and post-judgment interest; and

a. Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

**BRUCKNER BURCH PLLC**

By: **/s/ David I. Moulton**
_____
Richard J. (Rex) Burch
Texas Bar No. 24001807
David I. Moulton

Texas Bar No. 24051093
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
[rburch@brucknerburch.com](mailto:rburch@brucknerburch.com)

**ATTORNEY IN CHARGE FOR PLAINTIFFS**

DocuSign Envelope ID: AB5E74F3-11A2-4AB3-83D7-F20C66143EAF

## CONSENT TO JOIN WAGE CLAIM

Print Name: __Cory Harris__

1. I hereby consent to participate in a collective action lawsuit against **FarmChem** (and its related entities) to pursue my claims of unpaid overtime during the time that I worked with the company.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act, and consent to be bound by the Court's decision.

3. I designate the law firm and attorneys at BRUCKNER BURCH PLLC as my attorneys to prosecute my wage claims.

4. I authorize the law firm and attorneys at BRUCKNER BURCH PLLC to use this consent to file my claim in a separate lawsuit, class/collective action, or arbitration against the company.

Signature: ___[DocuSigned by: 6E7442A772434C6...]___  Date Signed: __1/30/2017__

**EXHIBIT 1**