## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| **CORY HARRIS, INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED;** <br> *Plaintiff* <br><br> **-v-** <br><br> **FARMCHEM CORPORATION,** <br> *Defendant* | §§§§§§§§§§ | **W-17-CV-00038-ADA** |

### ORDER

Came on for consideration the Parties Joint Motion to Approve Confidential Settlement Agreement, (ECF No. 51). After review of the Motion, the Court hereby **GRANTS** the Motion and **APPROVES** the Settlement Agreement, (ECF No. 52).

Cory Harris, on behalf of himself and others similarly situated, has brought claims against Defendant under the Fair Labor Standards Act ("FLSA"). Plaintiffs have alleged that they were misclassified and worked overtime hours without being paid for the overtime. The parties eventually reached a settlement, and are now requesting the Court to approve the Settlement Agreement.

The FLSA states that "any employer who violates [its] provisions . . . shall be liable to the employee or employees affected in the amount of unpaid wages, or their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages" 29 U.S.C. § 216(b). Additionally, "FLSA claims may be compromised after the court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b)." *Tran v. Thai*, No. CIV.A. H-08-3650, 2009 WL 3060400, at *1 (S.D. Tex. Sept. 24, 2009) (citing *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor*, 679 F.2d 350, 1353 (11th Cir.1982)). When considering whether to approve settlement agreements, the Court must consider two primary factors: (1) the existence of a bone fide

dispute; and (2) whether the agreements are fair and reasonable. *Sims v. Hous. Auth. City of El Paso*, No. EP-10-CV-109-PRM, 2012 WL 10862119, at *2 (W.D. Tex. Feb. 29, 2012).

There is a strong presumption in favor of finding a settlement fair. *Id.* at *3. In determining whether a settlement is fair and reasonable, courts consider: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of success on the merits; (5) the range of possible recovery; and (6) the opinions of class counsel, class representatives and absent class members. *Id.* at 3–4; *see also Newby v. Enron Corp.*, 394 F.3d 296, 300 (5th Cir. 2004); *Reed v. General Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983). The fact that a settlement is the negotiated result of an adversarial proceeding is also an indication of its fairness. *Sims*, 2012 WL 100862119 at *3.

In this case, there are bona fide disputes over whether Plaintiffs are exempt employees and whether Plaintiffs are able to recover any alleged unpaid wages, liquidated damages, attorneys' fees, or costs. Furthermore, while considering the six factors described above, the Court has reviewed the Settlement Agreement and is of the opinion that it is fair and reasonable.

**IT IS THEREFORE ORDERED** that the Joint Motion to Approve Confidential Settlement Agreement, (ECF No. 51), is **GRANTED**.

**IT IS FURTHER ORDERED** that the Settlement Agreement, (ECF No. 52), is **APPROVED**.

**SIGNED** this 7th day of February, 2019.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE